# Commonwealth *v.* Wesler, Appellant.

*Criminal law—Receiving stolen goods—Evidence.*

A conviction on an indictment for receiving stolen goods will be sustained, where the evidence tends to show that the goods in question were shipped to the owner from another city, that the owner

sent his teamster to a railroad terminus to get the goods; that the wagon on which the goods were placed was stolen, and when it was afterwards found, the goods were missing; that they were found on the defendant's premises; that the teamster was sent for these goods and no others; that they were identified as being the property of the owner by trade and registered number, and from the fact that he was the only person who handled the goods; and that, in addition, part of the casing of the goods with the owner's name on it was found on property adjoining the defendant's property, having been given by the defendant to his neighbor for firewood.

Submitted Nov. 14, 1918. Appeals, Nos. 171 and 175, by defendant, from judgment of Q. S. Philadelphia Co., Dec. Sessions, 1917, No. 487, 488, 489, 490 and 491, on verdict of guilty in case of Commonwealth v. Louis Wesler. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed in part.

Indictment for larceny and for receiving stolen goods.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were various rulings on evidence, and in refusing binding instructions for defendant.

*Henry M. Stevenson,* for appellant.

*Charles E. Bartlett,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KEPHART, J., December 12, 1918:

The defendant was charged, in five bills of indictment, with receiving stolen goods. A vast amount of merchandise was taken from his room, underneath a print shop, to City Hall, where much of it was identified by the owners. The Commonwealth absolutely failed to prove in any of these indictments, except the bill entered to No. 488, that the property stolen belonged to, or was in the custody of, or was stolen from the prosecutor named in any one of these several bills. The necessary link in the chain of evidence could only be supplied by witnesses ab-

sent on foreign service. In the indictment entered to No. 488, receiving stolen underwear, prosecutor James Cavanaugh, the Commonwealth did show that a part of three cases of underwear that had been shipped to one Vannaman was found at the defendant's place of business, a part at 929 Chestnut street, and a part at 48 South Eighth street, the business places of Mike Fendrich, who, it appears, bought the underwear from the defendant. Cavanaugh, a teamster, received an order from Vannaman to take three cases of goods from the Pennsylvania Railroad Company to Vannaman's place of business. The wagon on which these cases were placed was stolen. It was afterwards found with the goods missing. Cavanaugh and Vannaman went to Chestnut street and South Eighth street and there identified a part of the goods that had been first taken to the defendant's place of business at 422 South Fourth street. These goods were afterwards moved to City Hall, and Rodman, a representative of Vannaman, testified that these goods were the goods included in the particular shipment that was to be moved by Cavanaugh to Vannaman's place of business. He identified the goods, by trade and registered numbers, as being the property of Vannaman and that he was the only person who handled these goods, having placed thereon his own private label. This is, in substance, the legitimate inference that could be drawn from the testimony. In addition, part of the casing, with Vannaman's name on it, was found on the property adjoining defendant's, having been given by the defendant to his neighbor for firewood. The defendant contends that there was no evidence that these three particular cases were in the possession or custody of Cavanaugh, the driver, or that they were the goods for which he had been sent. All of the testimony centers around these three cases and Cavanaugh's testimony refers to them. Rodman's testimony as to the contents of the particular shipment that Cavanaugh had been sent for and his identification of the goods, forming a part of that shipment which had been

stolen, the prompt notice of loss, the search by Cavanaugh and Vannaman, the fact that goods sent to Vannaman and stolen were found in the defendant's possession, built up a case sufficient to convict on the charge contained in the bill. Ownership had been shown by number, label and description, and the underwear found in the defendant's possession was the property of Vannaman. These were the only cases of goods that Cavanaugh had been ordered to get from the Railroad company. The place where and the manner in which the goods were kept, the prices for which they were sold, and Fendrich's part in the matter, were all circumstances for the jury.

The court below admitted certain evidence with reference to the other bills of indictment and it is here complained of. Inasmuch as the trial took place on the five bills, it is difficult to separate the objectionable offers as they relate to the bill now under consideration.

We are unable to sustain the conviction on the bills of indictment entered to numbers 487, 489, 490 and 491, but on the bill entered to No. 488, the judgment of the court below is affirmed and the record is remitted to the court below to the end that the sentence may be carried into effect.